UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. JAIME CESAR LORA-ANDRES, Defendant. | 4:13-CR-40035-01-KES<br><br>ORDER DENYING MOTION TO SUPPRESS |
|---|---|

Defendant, Jaime Cesar Lora-Andres, moves to suppress recorded telephone calls. The United States of America opposes the motion. The parties did not request a suppression hearing, but rather entered into a stipulation of facts. (Docket 73). After considering the briefs and the stipulation of the parties, the motion to suppress is denied.

**STIPULATED FACTS**

Confidential source #1 (CS#1) began working with Bureau of Alcohol, Tobacco and Firearms (BATF) Special Agent Emmet Warkenthien as a confidential source in early 2013. CS#1 informed Agent Warkenthien that Lora-Andres could provide CS#1 with methamphetamine from California. To do this, Lora-Andres would determine where he would meet CS#1 in California, he would meet him, and then CS#1 would drive back to South Dakota.

On March 3, 2013, CS#1 informed Agent Warkenthien that Lora-Andres had given him directions to drive to San Diego, California, with a CS#2 to obtain methamphetamine and to then bring the methamphetamine back to South Dakota for distribution. Once in California, Lora-Andres allegedly told CS#1 to drive to a certain location in Compton, California. While there, an unknown Hispanic male provided CS#1 with a bag of methamphetamine. CS#1 and CS#2 then drove back to South Dakota. After approaching Sioux Falls, South Dakota, CS#1 contacted Agent Warkenthien and the vehicle was stopped by law enforcement. Methamphetamine was found inside the vehicle. Law enforcement then provided CS#1 with a recording device to record future telephone conversations with Lora-Andres.

Multiple telephone calls were made and recorded between CS#1 and Lora-Andres and CS#2 and Lora-Andres. Some calls were made and recorded in the presence of law enforcement and at their direction. Other calls were recorded by CS#1 and CS#2 without law enforcement being present. When law enforcement gave the digital recording device to CS#1, he was instructed to continue to record any conversations with Lora-Andres. Some of the calls discuss the alleged distribution of methamphetamine in the Sioux Falls, South Dakota, area and the process to send money to Lora-Andres. Law enforcement downloaded the contents of the recorded telephone calls and retained them in evidence. From the content of the telephone calls, it appears that Lora-Andres

was in California when he was on the phone and CS#1 and CS#2 were in South Dakota or Nebraska.

## DISCUSSION

Lora-Andres moves to suppress the electronically intercepted conversations involving himself and CS#1 and CS#2. It is uncontested that the conversations were recorded without a wiretap and without Lora-Andres's knowledge or consent. It also is undisputed that the investigation was conducted by a federal agency-namely the BATF. Lora-Andres contends that the calls were obtained in violation of §§ 630-638 of the California Penal Code, which makes criminal the recording of telephonic communications without the consent of all parties to the conversation, and precludes admission of evidence derived therefrom.

While it is true that California law requires the consent of all parties and the statute does not recognize an exception for investigations in criminal drug matters, there is no dispute that this was a federal law enforcement investigation. Even when state "law goes further to protect the privacy rights of both parties to a conversation than does federal law, it is well settled that, in federal prosecutions, evidence admissible under federal law cannot be excluded simply because it would be inadmissible under state law[.]" *United States v. Pratt*, 913, F.2d 982, 987 (1st Cir. 1990) (citation omitted). *See also Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003); *United States v. Keen*, 508

F.2d 986, 989 (9th Cir. 1974). Thus, the court will examine whether federal law precludes admission of the recorded calls.

Title III of The Omnibus Crime Control and Safe Streets Act of 1968 (Wiretap Act), 18 U.S.C. §§ 2510-22, generally forbids the interception of wire, oral, or electronic communications. Neither party disputes that an interception occurred here, that the cellular devices used for the calls constitute a wire communication, or that the recordings were made consensually by CS#1 and CS#2. But the Wiretap Act recognizes exceptions to the general interception prohibition. 18 U.S.C. § 2511 authorizes "a person acting under color of law to intercept a . . . communication, where such person is a party to the communication . . . ." 18 U.S.C. § 2511(2)(c). And 18 U.S.C. § 2511(2)(d) provides that it "shall not be unlawful . . . for a person not acting under color of law to intercept a . . . communication where such person is a party to the communication . . . unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."

Lora-Andres contends that the first exception does not apply because CS#1 and CS#2 were not acting under color of law when they recorded the calls. Lora-Andres argues they could not have been acting under color of law because they were not under the direct supervision of Agent Warkenthien and they were using and distributing methamphetamine during the relevant time period. Courts have found, however, that where a civilian serves as an

4

informant for a criminal prosecution by consensually taping conversations with the defendant, the informant is in fact acting under color of law. *See United States v. Shields*, 675 F.2d 1152, 1157 (11th Cir. 1982); *United States v. Mendoza*, 574 F.2d 1373, 1377 (5th Cir.), *cert. denied*, 439 U.S. 988 (1978); *United States v. Ransom*, 515 F.2d 885, 889 (5th Cir. 1975), *cert. denied*, 424 U.S. 944 (1976); *United States v. Rich*, 518 F.2d 980, 985 (8th Cir. 1975). That is the situation that we have here. The court finds that the exception under 18 U.S.C. § 2511(2)(c) applies because CS#1 and CS#2 were acting under color of law and they consented to the interception of the wire communication. Because the first exception applies, the calls are admissible.

Furthermore, even if the first exception did not apply, the second exception would apply. If CS#1 and CS#2 were not acting under color of law, it was still lawful for them to intercept a communication unless the communication was intercepted *for the purpose* of committing a criminal or tortious act. Here, the calls were not intercepted for the purpose of blackmailing Lora-Andres, threatening him, publicly embarrassing him, or any other criminal or tortious act. The calls were intercepted for the purpose of assisting law enforcement in the investigation of an alleged criminal act being committed by Lora-Andres—not an act being committed by CS#1 or CS#2. Thus, if CS#1 and CS#2 were not acting under color of law, their actions were permitted under 18 U.S.C. § 2511(2)(d). As a result, it is

ORDERED that defendant Lora-Andres's motion to suppress recorded telephone calls (Docket 63) is denied.

Dated August 26, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE